JAMES BRAGG ET AL., RESPONDENTS, v. THE SPECIALTY SHOE MACHIN-
ERY COMPANY ET AL., APPELLANT.—34 S. W. (2d) 184.

Kansas City Court of Appeals.  December 1, 1930.

*John C. Landis, Jr., John C. Landis, III* and *Wm. H. Utz* for respondents.

*F. V. Worden* and *Mytton, Parkinson & Norris* for appellant.

BOYER, C.—The character of this action and the sufficiency of the peition to state a cause of action for equitable relief are brought in question by points raised on appeal, and extended reference to the pleadings becomes necessary. Omitting caption and signature, the petition is as follows:

"Plaintiffs for their cause of action, state that they were, prior to April, 1927, co-partners, doing business in the city of St. Joseph, Missouri, under the trade name and style of Specialty Shoe Machinery Company, doing a manufacturing and general machinery repair business in the city of St. Joseph, Missouri, and were possessed of certain property, real, personal and mixed, used by them in the conduct of their said business; that the defendants George J. Riegert was, prior to April, 1927, employed by them as shop superintendent, and Frederick J. Draut as office manager of their then business and had entire charge and control of the management and affairs of plaintiffs' business, then located at 201-209 West Colorado Avenue in the city of St. Joseph, Missouri;

That the defendant Specialty Shoe Machinery Company is a trust estate organized and existing by virtue of a declaration of trust, said trust estate being organized by defendants W. W. Grow, George J. Riegert and Frederick J. Draut with the assets purchased from these plaintiffs as hereinafter specifically set out;

That the defendants Frederick J. Draut and George J. Riegert proposed to these plaintiffs to purchase the assets, consisting of machinery, real estate, patents and other personal property, and that the plaintiffs agreed to sell to the said defendants under the terms of a written contract signed by all parties thereto, in which said contract it was provided that plaintiffs should sell and defendants buy, for the sum of fifteen thousand dollars ($15,000), of which sum two thousand dollars ($2,000) was to be paid in cash and that the balance was to be paid in installments as in said contract specified;

That prior to the purchase from the plaintiffs, the defendants Draut, Riegert and Grow agreed to enter into business relations and that the defendant Grow agreed to advance such sums as were necessary to be paid to the plaintiffs in cash, and to receive as consideration therefor an interest in the business to be continued by these defendants under the same trade name and style; that it was further agreed between plaintiffs and the defendants Draut and Riegert, which said agreement was with the knowledge, consent and acquiescence of defendant Grow, that it would be to the interests

of the defendants and would be to their advantage in continuing the business, if the defendants should be permitted to take over the collection of the accounts due plaintiffs, arising from the conduct of their business, and assume and agree to pay in consideration thereof the accounts owing by said plaintiffs arising from the conduct of their said business, and that at the request of the defendants herein these plaintiffs agreed that they be permitted to collect open accounts due them, amounting to the sum of seven thousand three hundred sixty-four dollars thirty-nine cents ($7,364.39) in consideration of the assumption by the defendants of the accounts due by these plaintiffs to others, amounting to approximately the same amount;

That the defendants Draut, Riegert and Grow, after delivery to them of the property purchased from these plaintiffs, conspired together to hinder, delay and defraud these plaintiffs by transferring all of the assets, real, personal and mixed, to the defendant Specialty Shoe Machinery Co., a trust estate, which said trust estate was by the defendants Grow, Draut and Riegert organized with a capital stock furnished solely by the property obtained by these defendants from the plaintiffs herein, and that in accordance with the conspiracy entered into by and between the defendants to hinder, delay and defraud these plaintiffs and to place their assets beyond the reach of these plaintiffs, defendants Draut and Riegert transferred all of the accounts payable, amounting to seven thousand three hundred sixty-four dollars thirty-nine cents ($7,364.39) to the trust estate on an agreement purported to be made by said trust estate to collect said accounts and to apply the proceeds thereof to the payment of the obligations agreed to be paid by the said Draut and Riegert;

Plaintiffs further allege that the defendants Draut and Riegert are insolvent in that they are possessed of no property, money or effects from which plaintiffs can enforce their claim against them;

Plaintiffs further state that in pursuance to the fraudulent conspiracy and agreement, as above set out, that the said Specialty Shoe Machinery Co. immediately began to collect the accounts and have collected same, but that, wholly disregarding their obligation and the obligation of the defendants Draut and Riegert, which said obligation was assumed by the said Specialty Shoe Machinery Company and was the only consideration purporting to pass from the trust estate to the defendants Draut and Riegert, used the proceeds of said money for its own purposes;

That these plaintiffs have been called upon to pay and have paid some of the obligations which the defendants contracted to and agreed to pay, amounting to the sum of one thousand dollars ($1,000); that judgments have been rendered against these plaintiffs on suits to enforce payment of such accounts; that the defendants have paid some of the accounts but have failed and refused to pay others and

that the defendants have collected in and received from the accounts a sum in excess of five thousand dollars ($5,000) over and above the amounts paid out to persons, firms and corporations to whom plaintiffs were indebted and which said indebtedness was by these defendants to be paid from the proceeds of these collections;

Plaintiffs further allege that others are threatening suit against them and that by reason of the failure on the part of these defendants to pay in accordance with agreement, they have been compelled to incur and become liable for expenses of attorneys' fees and court costs.

Wherefore, all premises considered, plaintiffs pray that an accounting may be had and that judgment be given them against the defendants and each of them for the amount found to have been paid by plaintiffs, which by the terms of said contract, defendants should have paid. And that the court direct the defendants to apply the remainder collected by them of the accounts originally belonging to plaintiffs in payment of the bills originally owing by plaintiffs, as provided in contract of sale aforesaid; and for all other proper relief."

Defendant Grow filed separate answer in which all allegations of the petition are denied except facts specifically admitted. He admits that plaintiffs entered into the contract attached to plaintiffs' petition with Draut and Riegert April 9, 1927, and states that all the rights of the parties to the contract were fixed by it. And further answering, states that on April 20, 1927, defendants Draut and Riegert entered into a contract with defendant Specialty Shoe Machinery Co., by which they agreed to sell to said defendant the open accounts theretofore sold to the defendants Draut and Riegert by the plaintiffs. The contract is made a part of the answer. That on June 2, 1927, defendants Draut and Riegert executed a bill of sale to said defendant Specialty Shoe Machinery Co. "conveying said property to them." Said bill of sale is attached to the answer. That on April 9, 1927, plaintiffs executed a bill of sale conveying the accounts referred to to the defendants Draut and Riegert. Said bill of sale is made a part of the answer. This defendant specifically denies the charge that he conspired with the defendants to hinder, delay, and defraud plaintiffs as charged in the petition, "but asserts the truth to be that the transfer of all of said assets, including the open accounts by defendants Draut and Riegert to said trust estate was made with the knowledge and acquiescence of the plaintiffs herein, and that said plaintiffs, knowing the facts aforesaid, in furtherance of said transfer, executed the bill of sale on April 9, 1927, to said defendants Draut and Riegert."

"Defendant further states that in purchasing the accounts from said Draut and Riegert, he relied solely upon the evidences of title thereto hereinbefore set out, particularly the contract of April 9,

1927, between said defendants Draut and Riegert and the plaintiffs herein, and the bill of sale executed by the plaintiffs herein on said date to said defendants Draut and Riegert; that all the rights and obligations of this defendant are fixed by the agreements hereinbefore set out, and that he has never obligated himself to these plaintiffs to pay any accounts payable owing by said plaintiffs to any creditors."

Defendants Specialty Shoe Machinery Co. and Riegert filed separate answers in which they reiterate, in effect, the matters contained in the answer of Grow, and further plead that the matters and issues arising under the pleadings in this case had been adjudged in a previous suit. There was a dismissal as to defendant Draut for lack of service.

The case was tried before the court as in equity. The contracts and bills of sale referred to in the pleadings were offered in evidence together with some oral testimony, from which the following appears:

Plaintiffs, as co-partners, had previously conducted their business under the trade name of Specialty Shoe Machinery Co. They owned a large amount of equipment and the real estate where their place of business was located. Prior to April, 1927, defendant Riegert was employed by the plaintiffs as shop superintendent and defendant Draut was employed as office manager.

On April 9, 1927, plaintiffs entered into a contract with Draut and Riegert wherein plaintiffs agreed to sell and Draut and Riegert agreed to buy the real estate and all the machinery, tools, patents, and equipment and other property, including accounts receivable as per list attached and in the amount of $7712.93. The consideration provided was $2000 in cash and $13,000 to be paid in stated installments represented by nine promissory notes to be secured by a real estate mortgage upon the factory building and lot of land. As an additional consideration the purchasers agreed to pay all accounts payable incurred in connection with the business of said factory according to a list attached, the total of which was $7364.39.

On the same day, April 9, 1927, plaintiffs executed their bill of sale to Draut and Riegert in which they sold and transferred to the purchasers all personal property that was owned and used by them as co-partners in the conduct of their business under the trade name of Specialty Shoe Machinery Co. The property was specifically described and included "open accounts, notes, choses in action, contracts and agreements." The bill of sale recited a consideration of $2000, and nine promissory notes aggregating the sum of $13,000 according to the terms of the contract, and a further consideration that Draut and Riegert were to assume and pay all accounts payable incurred in connection with the business and to hold the grantors harmless from such claims.

On April 18, 1927, defendants Riegert, Draut, Grow, and one other person entered into articles of agreement called a Declaration of Trust, whereby the Specialty Shoe Machinery Co. was organized and created as a trust estate. The four persons executing said Declaration of Trust appointed themselves as the trustees of the estate and property of said company which it then or might thereafter own, and each of them accepted the appointment as such trustee and consented to act and to execute said trust.

On April 20, 1927, an agreement of sale was signed by Draut, Riegert and Specialty Shoe Machinery Co. by Will W. Grow, president, in which said agreement it was provided that Draut and Riegert should sell all right, title and interest in and to all the personal property heretofore sold on the 9th day of April, 1927, by plaintiffs, describing it in general terms and including open accounts, notes, and choses in action for $2000, and also to sell the real estate mentioned for the sum of $13,000, "and the further consideration that party of second part promises and agrees upon receipt of said warranty deed on or before sixty days from date hereof to assume and pay certain mercantile accounts due and payable by said Draut and Reigert as part consideration of purchase of said real estate, said accounts not to exceed a total of $7500." This agreement also provided that the sum of $20,000 should be the measure of liquidated damages for failure by either party to perform the conditions of the contract within the time stated.

On June 2, Draut and Riegert executed their bill of sale by which they sold and delivered to the Specialty Shoe Machinery Co. for a recited consideration of $2000, all personal property theretofore sold and transferred by plaintiffs to Draut and Riegert on April 9, 1927, describing same and including therein "open accounts, notes, choses in action." The bill of sale contains the same description of property as that contained in the bill of sale from plaintiffs to Draut and Riegert.

Defendants received the property thus conveyed and continued the business; and in the course of the conduct of said business up to February, 1929, had collected on accounts receivable formerly belonging to plaintiffs the total sum of $5196.10, and had paid out on plaintiffs' accounts payable the sum of $1258.45. The above appears from the books kept by the defendants.

One of the attorneys for plaintiffs, over the objection of defendants, recited a statement made by defendant Draut to him as follows: "He said he had no real estate nor other property other than his interest in the trust estate, the Specialty Shoe Machinery Co.; that Mr. Riegert had only his home, which is exempt from execution in this action." There was no other testimony or evidence of insolvency of any of the parties defendant.

On June 28, 1928, one of the plaintiffs' creditors sued them and

recovered a judgment in the total sum of $980.69, based upon accounts which plaintiffs had incurred in the conduct of their business and which defendants had agreed to pay, but failed to pay. This judgment was paid by plaintiffs. The present suit was instituted April 19, 1929, by filing the petition heretofore set out.

Previous to this suit, plaintiffs on February 10, 1928, filed a suit against Draut, Riegert, and the trust estate, which suit was tried and determined in Andrew County. The pleadings and judgment are in evidence and are the bases of the plea of *res judicata* in this case. The petition of plaintiffs in the Andrew County suit contained two counts. The first count of which sought to recover upon delinquent installment payments in the total sum of $9000, it being a part of the purchase price of the property sold the defendants on the alleged agreement of all of said defendants to pay the total purchase price for all the property. The second count recited that all the defendants had agreed to pay certain indebtedness incurred by plaintiffs while operating their business; that in consideration for the assumption and the payment by defendants of said obligations there was transferred to defendants all of the accounts and bills receivable due plaintiffs, and that defendants had failed and refused to carry out their part of the agreement and to pay the obligations assumed by them, by reason of which "plaintiffs have been caused to employ attorneys and to incur expense and have been damaged in the sum of $1000," for which sum judgment was demanded.

To the prior suit in Andrew County, defendants Draut and Riegert filed a separate answer in which they set out the agreement of sale and bill of sale from plaintiffs to them and alleged a breach of contract on the part of plaintiffs, and as a counterclaim set up their agreement of sale with the trust estate and charged that by reason of plaintiffs' delay in performance they had become liable to the trust estate in the sum of $20,000 for failure to perform within the time specified in the contract and demanded judgment against plaintiffs for that sum.

To this answer, plaintiffs filed a reply in which they alleged performance of their contract, a waiver of any defects alleged on their part, and sought affirmative relief in the cancellation of the sale from Draut and Riegert to the trust estate on the ground of fraud. The judgment was for plaintiffs against Draut and Riegert in the sum of $9990, it being the total amount of installments past due and unpaid, with interest; and also found in favor of plaintiffs and against these defendants on counterclaim of the latter. The court further found for defendant trust estate on plaintiff's petition, and found that plaintiffs were not entitled to relief under the reply. There is no mention in the judgment of the second count of the petition.

The finding and judgment of the court in the present case is this:

"Now on the 15th day of July, 1929, again comes plaintiffs by their above named attorneys and defendants by their above named attorneys and the court, after being fully advised in the premises, finds the issues for plaintiffs as alleged and against the defendants, the Specialty Shoe Machinery Company, a trust estate, George J. Riegert and W. W. Grow.

The court finds that the defendants received from plaintiffs accounts receivable amounting to the sum of $7,712.93, and as consideration for the assignment to them, of said accounts, assumed and agreed to pay accounts payable then due and owing by plaintiff, amounting to the sum of $7,369.39.

The court further finds that the defendants have realized from the accounts receivable obtained from plaintiffs the sum of $5,196.10, and have paid accounts payable in accordance with their agreement, in the sum of $1,258.45, and the court further finds that the defendants have failed to pay the remainder of the accounts assumed by them in accordance with the terms of their said contract.

The court further finds that there was a judgment rendered in the Buchanan County Circuit Court in favor of Surplus, Dunn and Company against these plaintiffs on these accounts which these defendants had assumed and agreed to pay and that by reason of said judgment the plaintiffs were required and did pay in satisfaction of said judgment the sum of $980.69.

The court finds plaintiffs are entitled to judgment against defendants and each of them for said sum of $980.69.

The court further finds that the defendants have collected and have on hands from said accounts receivable over and above the amount paid out, to-wit: $1,358.45, and the $980.69 for which judgment has been rendered, the balance in the sum of $2,956.96 which should have been applied on the accounts payable owing by plaintiffs at the time of sale, and listed in schedule as accounts which the defendants had assumed and agreed to pay.

Wherefore, it is ordered, adjudged and decreed by the court that plaintiffs have judgment against the defendants, the Specialty Shoe Machinery Company, a trust estate, George J. Riegert and W. W. Grow, and each of them for the sum of $980.69, and that execution issue therefor. And it is further ordered and decreed by the court that defendants apply the balance of the moneys collected on the accounts receivable, to-wit: the sum of $2,956.96 now on hand, to the payment of accounts payable as listed in the agreements above mentioned, and that the defendants also apply any further collections on said accounts receivable to the payment of accounts payable as shown by said list until all of the accounts and bills payable which this court finds was assumed and agreed to be paid by the defendants have been paid in full."

From the above judgment appellants duly bring the case here and urge these points: (1) The petition fails to state any ground as a basis for equitable relief, and fails to state any facts showing a lack of remedy at law. (2) There is no civil liability in favor of plaintiffs and against defendants Grow and Specialty Shoe Machinery Co., and (3) judgment should have been for defendants on their plea of *res judicata*.

## OPINION.

I. The petition is inadequate for a cause of action in equity against defendants Grow and Specialty Shoe Machinery Company because it fails to show by any statement of facts a lack of adequate remedy at law. "Such allegations of facts in the petition are *jurisdictional*, and there absence may be taken advantage of by the adverse party at any place or at any time or at any stage of the proceedings; or the court of its own motion without suggestion of counsel, or the point being pleaded, may raise the objection." [Benton County v. Morgan, 163 Mo. 1. c. 678; Palmer v. Marshall, 24 S. W. (2d) 1. c. 233 and authorities cited.]

The evidence is insufficient to show lack of legal remedy against defendant Riegert. The only testimony upon the subject has been set out in the statement and is clearly hearsay. The petition alleges the insolvency of Riegert, but there is no proof of it, and no allegation whatever upon the subject in reference to defendants Grow and the Specialty Shoe Machinery Company. It must be held that the petition is barren of essential allegations to confer equitable jurisdiction.

Respondents insist that the appellants are bound by the trial theory, and inasmuch as the case was tried below as in equity, without objection, that appellants may not now question the sufficiency of the petition or the jurisdiction of the court. But such contention is contrary to law and of no avail.

II. It does not follow that the petition is inadequate to support the money judgment rendered. It states a cause of action at law. This cause so stated was tried and determined by the court without objection. No procedural error is assigned and no objection is made to this feature of the judgment except the claim that defendants are not liable and that there was a failure of proof. If the money judgment so rendered is supported by any substantial evidence, then it should remain. Our view of the evidence is that it is ample to show that all defendants assumed and agreed to pay the outstanding debts of plaintiffs on the date named, and that such assumption was a part of the consideration of the transfers of plaintiffs' property. There is no question urged as to the liability of Riegert upon his agreement to settle the bills payable for plaintiffs. It is equally clear to us from the evidence that defendant Grow and the company

assumed the same liabilities in the contract signed by Grow as president of the trust estate. The undertaking in said contract to pay accounts due and payable by Draut and Riegert not to exceed $7500, can refer only to the accounts assumed and agreed to be paid in approximately the same amount by Draut and Riegert. The conduct of the parties thereafter so showed. All of the defendants took over the bills payable and other property belonging to plaintiffs, collected over $5,000 of the bills payable, discharged some of the bills payable which they had assumed for plaintiffs, but failed to pay others. The fact that they paid $1258.45 on accounts payable by the plaintiffs is convincing proof that they interpreted their own contract as we now interpret it to mean that they had assumed and agreed to pay all of the plaintiffs' accounts outstanding at the time in question. "Contracts are construed as they are understood and acted upon by the parties to them." [State v. Christopher, 318 Mo. 225, 239.] The larger part of such collections so made by defendants was retained by them. When plaintiffs were required to pay a debt which these defendants had assumed and agreed to pay for them a cause of action arose against defendants and their liability thereon is indisputable. Defendant Grow is personally liable upon the contract signed by him, and the purported official capacity in which he signed is no shield against his individual liability. [Walker v. Hatfield, 17 S. W. (2d) 357-8.]

III. Appellants' plea of *res judicata* cannot be sustained. It is apparent from a careful examination of the pleadings that the matter involved in this law suit was not a part of the subject-matter of the Andrew County suit in which defendants insist the questions here raised were adjudged or could have been adjudged. The Andrew County suit was against Draut, Riegert, and Specialty Shoe Machinery Company and sought to recover delinquent installments which Draut and Riegert had agreed to pay as part of the purchase price, and on the allegation that the Specialty Shoe Machinery Company had assumed such obligations. The second count of said petition did not state a cause of action to recover the amount of any specific account or debt which plaintiffs had been required to pay and which the defendants had assumed and agreed to pay. No judgment was rendered upon this count of the petition and no mention is made of it in the judgment. The court could not and did not adjudge subject-matter first raised by the reply. The court in that suit rendered judgment against defendants Draut and Riegert for the amount found due on delinquent payments owing to plaintiffs on the purchase price as evidenced by certain notes, and found for the defendant Specialty Shoe Machinery Company on the petition. Our view of the petition in the case before us is that it merely states a cause of action for debt founded upon a definite and specific transaction, that is, the failure of the defendants to pay accounts

which they had agreed to pay and which plaintiffs were required to pay. Further, the Andrew County suit was instituted February 10, 1928. A judgment against the plaintiffs on accounts owing by them was not rendered until June 28, 1928. It was paid by plaintiffs and their cause of action on account thereof then accrued. It was not in existence at the time of the institution of the Andrew County suit and is now the basis of the present suit. It is therefore apparent that the former adjudication in no way determined the issues in this case, nor could it have so determined.

IV. The effective part of the judgment in the present case is merely a money judgment and we think it should stand. Defendants made no objection to the trial of this issue by the court. The directory or decretal part of the judgment is unauthorized because the court lacked equity jurisdiction as before shown. Moreover, there is no basis for it in the petition. This suit is in no sense a proceeding *in rem*. Plaintiffs do not seek to enforce a lien against any specific property or to impound assets, and there was no asset, property, or *res* brought within the jurisdiction of the court upon which a decree could operate. *Coram non judice*.

The finding in the judgment is to the effect that defendants "have collected and have on hands" a stated amount above the amount paid out, and orders that defendants apply the sum of $2956.96 "now on hand" to the payment of accounts payable, and that the defendants also apply any future collections on said accounts to the payment of plaintiffs' accounts payable. The evidence does not show that defendants "have on hands" the sum named or any other sum derived from collections mentioned, but it merely shows that defendants had collected it.

What the ultimate judgment should be in this case does not depend upon the question as to whether this action is at law or in equity. Even though treated as in equity only one judgment could properly be rendered and that is a money judgment. It results that the money judgment in behalf of plaintiffs should be affirmed, that the remainder of the judgment should be reversed and the cause remanded with direction to so modify the judgment. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is adopted as the opinion of the court. The money judgment in behalf of plaintiffs is affirmed, the remainder of the judgment is reversed and the cause remanded with direction to modify the judgment in accordance with the views expressed in this opinion. All concur, except *Trimble, P. J.,* absent.